UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:96CR29-MU

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| DESMOND WARD, | ) |
| Defendant. | ) |

**THIS MATTER** is before this Court on Defendant's "Motion to Correct Sentence and Modify Judgment" (Document No.104), filed May 2, 2005. For the reasons stated herein, Defendant's Motion to Correct Sentence will be denied.

On September 12, 1997, after a jury trial, Desmond Ward was convicted of conspiracy to possess with the intent to distribute crack cocaine and of using a communication facility to facilitate the distribution of drugs. On April 29, 1999, this Court sentenced Defendant to 235 months imprisonment. Defendant appealed. On April 6, 1999, the United States Court of Appeals for the Fourth Circuit affirmed Defendant's sentence and conviction (Document No. 78.) On June 8, 1999, the Fourth Circuit denied Defendant's petition for rehearing, (Document No. 86). On June 2, 2000, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 (Document No. 95.) On September 12, 2003, this Court denied Defendant's § 2255 petition (Document No. 97.) Defendant appealed this Court's Order denying his § 2255 petition and on March18, 2004, the Fourth Circuit denied a certificate of appealability and dismissed Defendant's appeal (Document No. 100.) Defendant

1

filed a writ of certiorari with the United States Supreme Court on July 26, 2004 (Document No 101.) And on October 13, 2004, the Supreme Court denied the petition for certiorari.

On May 2, 2005, Defendant filed the instant motion challenging his conviction on the ground that "the Court imposed a [sic] enhancement which depended upon an adjudication of 'Preponderance of Evidence' instead of 'Beyond a Reasonable Doubt' as to factors which were not alleged in the indictment, nor presented in the jury instruction, nor did the government request a special verdict." Defendant is essentially alleging that because a specific type and quantity of drugs were not charged in the indictment, his sentence, which was enhanced under 2D1.1 based on the amount of drugs, was imposed in violation of Apprendi v New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 125 S. Ct. 738 (2005).

Defendant has taken full advantage of his remedies. He directly appealed his sentence and conviction to the Fourth Circuit Court of Appeals, his appeal was denied, his petition for rehearing was denied, his appeal of this Court's Order denying his 2255 petition was denied. He filed for a writ of certiorori with the United States Supreme Court. Now, seven years after he was sentenced by this Court, Defendant moves to correct and modify his sentence under 18 U.S.C. § 3582(c)(2).

There is no basis to correct or reduce Defendant's sentence under Rule 35. Rule 35 of the Federal Rules of Criminal Procedure allows for the correction of a sentence within 7 days due to an arithmetical or technical error and upon the government's motion made within one year of sentencing based on substantial assistance. The rule also allows for the government to move to reduce a defendant's sentence after one year based on substantial assistance.

Nor does 28 U.S.C. § 3582 provide a basis to reduce Defendant's sentence. Section 3582 states that a judgment can be modified pursuant to 3582(c), pursuant to rule 35 of the Federal Rules

of Criminal Procedure, and appealed and modified, if outside the guideline range, pursuant to 18 U.S.C. § 3742. Other than those limited circumstance, a judgment of conviction is a final judgment. Section 3582(c) is not available to Defendant because he was not sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Rule 35 is not applicable, as stated above, and Defendant has already appealed his judgment and conviction to the Fourth Circuit Court of Appeals.

There is simply no vehicle to reopen Defendant's criminal case. Defendant has exhausted all of his federal remedies and at every step his sentence and conviction has been upheld. The fact that there has been a change in the law well after he was convicted and sentenced does not alter this Court's analysis. Defendant was appropriately sentenced under the law in effect in 1999 and he has taken full advantage of the direct review and collateral review process. At every stage of that process his sentence and conviction has been affirmed. Therefore, his judgment of conviction is now a final judgment and Defendant's Motion to Correct Sentence and Modify Judgment is <u>Denied</u>.

**Signed: May 20, 2005**

Graham C. Mullen
Chief United States District Judge